# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| Robert Stafford, § § | |
| Plaintiff, § § § | CA No.: 4:21-cv-160 |
| v. § § § | Class Action |
| The Right Choice Heating & Air, § Inc. (Texas), The Right Choice § Heating & Air, Inc. (California), § Tomer Peretz and Elad Daniel § § | Jury Demanded |
| Defendants. | |

**PLAINTIFF ROBERT STAFFORD'S CLASS ACTION COMPLAINT**

1. Robert Stafford ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers

may call them.  Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

3. Plaintiff's residential telephone number is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Defendants or their telemarketing representatives or lead generators called Plaintiff's residential phone on approximately 33 occasions beginning on January 10, 2020 and made marketing solicitations, i.e., calls for the purpose of the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

4. Because Plaintiff had not given his consent to receive these calls from Defendants, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

5. This is the exact scenarios Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

6. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because

telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

7. A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

8. Plaintiff is a resident of this District.

9. The Right Choice Heating & Air, Inc., a Texas corporation ("**Texas Right Choice**") is a corporation that solicits business in the State of Texas and has a local office in Texas located at 2290 Springlake, Rd, Suite 105, Farmers Branch, Texas 75234.

10. The Right Choice Heating & Air, Inc., a California corporation ("**California Right Choice**") is a corporation that solicits business in the State of Texas. California Right Choice provides marketing services to Texas Right Choice.

11. Tomer Peretz ("**Peretz**") is a California resident and executive of both Texas Right Choice and California Right Choice. Peretz participated in the

illegal telemarketing by personally approving the calling campaigns and directing the activities of the individuals that made the calls.

12. At all times relevant hereto, Peretz, acting in concert with the other Defendants, has formulated, directed, controlled, had the authority to control, or otherwise participated in the acts and practices set forth in this Complaint.

13. Peretz, along with the other Defendants, controlled and used the autodialing equipment at issue and "developed or authorized the policies and procedures that led to violations of the TCPA." *McGee v. Halsted Fin. Servs., LLC*, 2014 U.S. Dist. LEXIS 36159 at *2 (D. Del. Mar. 19, 2014) (citing *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 378 (4th Cir. 2013)).

14. Elad Daniel ("**Daniel**") is a California resident and executive of both Texas Right Choice and California Right Choice. Daniel participated in the illegal telemarketing by personally approving the calling campaigns and directing the activities of the individuals that made the calls.

15. At all times relevant hereto, Daniel, acting in concert with the other Defendants, has formulated, directed, controlled, had the authority to control, or otherwise participated in the acts and practices set forth in this Complaint.

16. Daniel, along with the other Defendants, controlled and used the autodialing equipment at issue and "developed or authorized the policies and procedures that led to violations of the TCPA." *McGee v. Halsted Fin. Servs., LLC*,

2014 U.S. Dist. LEXIS 36159 at *2 (D. Del. Mar. 19, 2014) (citing *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 378 (4th Cir. 2013)).

### Venue

17. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

18. Venue is proper because the Plaintiff is a resident of this District and Defendants have sufficient contacts in this State and District to subject it to personal jurisdiction.

### Article III Standing

19. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

20. Plaintiff was harmed by Defendants' actions of calling his residential phone while his number was on the Do Not Call Registry, without consent and with an ATDS and/or a pre-recorded voice in the following manners:

    a. Plaintiff's privacy was invaded by Defendants;

    b. Plaintiff was harassed and abused by Defendants' telephone calls;

    c. Defendants' calls were a nuisance to Plaintiff;

      d.      Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendants;

      e.      Defendants illegally seized Plaintiff's telephone line while they made illegal calls to Plaintiff's cellular telephone;

      f.      Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendants;

      g.      Defendants' seizure of Plaintiff's telephone line was intrusive; and

      h.      Plaintiff was inconvenienced by Defendants' calls, by among other things, hearing his ring and having to check the calling party.

**The Telephone Consumer Protection Act**

21.      Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

22. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

23. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robo-calls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

### *The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's express consent*

24. The national Do Not Call Registry (the "**Registry**") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is

cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

25.   The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

26.   A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

27.   The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller.  47 C.F.R. § 64.1200(c)(2)(ii).   That agreement must also include the telephone number to which the calls may be placed.  *Id.*

## Factual Allegations

### *Defendants placed telemarketing calls to the Plaintiff*

28.   Plaintiff is the owner and user of the residential telephone number 972-235-8480.   Each of the telephone calls referenced below were made to Plaintiff's residential telephone number 972-235-8480. 972-235-8480 is a cellular number/network. None of the calls at issue were placed by Defendants to Plaintiff's residential phone number for "emergency purposes."

29. Beginning on January 10, 2020 Plaintiff began receiving telephone calls directly from Defendants or from Defendants' telemarketing representative who made the telephone calls as the agent for and on behalf of Defendants (all references hereinafter to Defendants will include Defendants' telemarketing representatives).

30. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendants were seeking to provide heating and air conditioning services to Plaintiff.

31. Plaintiff received the following calls from Defendants:

| From | To | Date and time |
|---|---|---|
| 972-486-5523 | 972-235-8480 | 1/10/2020 12:48pm |
| 972-486-5523 | 972-235-8480 | 1/10/2020 12:48pm |
| 972-486-5523 | 972-235-8480 | 1/13/2020 10:47am |
| 972-486-5523 | 972-235-8480 | 1/13/2020 10:47am |
| 972-486-5523 | 972-235-8480 | 1/13/2020 5:31pm |
| 972-486-5523 | 972-235-8480 | 1/13/2020 5:31pm |
| 972-486-5523 | 972-235-8480 | 1/14/2020 4:11pm |
| 972-486-5523 | 972-235-8480 | 1/14/2020 4:11pm |
| 972-486-5523 | 972-235-8480 | 1/16/2020 1:26pm |
| 972-486-5523 | 972-235-8480 | 1/16/2020 1:26pm |
| 972-486-5523 | 972-235-8480 | 1/17/2020 11:36am |
| 972-486-5523 | 972-235-8480 | 1/17/2020 11:36am |
| 972-486-5523 | 972-235-8480 | 1/21/2020 12:42pm |
| 972-486-5523 | 972-235-8480 | 1/21/2020 12:42pm |
| 972-486-5523 | 972-235-8480 | 1/21/2020 6:24pm |
| 972-486-5523 | 972-235-8480 | 2/27/2020 3:33pm |
| 972-452-1147 | 972-235-8480 | 1/28/2020 10:28am |
| 972-452-1147 | 972-235-8480 | 1/28/2020 10:28am |
| 972-452-1147 | 972-235-8480 | 1/30/2020 12:43pm |
| 972-452-1147 | 972-235-8480 | 2/5/2020 10:05am |
| 972-452-1147 | 972-235-8480 | 2/7/2020 3:16pm |
| 972-452-1147 | 972-235-8480 | 2/7/2020 4:23pm |
| 972-452-1147 | 972-235-8480 | 2/10/2020 5:20pm |
| 972-452-1147 | 972-235-8480 | 2/10/2020 6:43pm |
| 972-452-1147 | 972-235-8480 | 2/12/2020 11:51am |
| 972-452-1147 | 972-235-8480 | 2/13/2020 6:58pm |
| 972-452-1147 | 972-235-8480 | 2/17/2020 6:47pm |
| 972-452-1147 | 972-235-8480 | 2/19/2020 5:31pm |
| 972-452-1147 | 972-235-8480 | 2/21/2020 11:01am |
| 972-452-1147 | 972-235-8480 | 2/24/2020 12:32pm |
| 972-452-1147 | 972-235-8480 | 2/24/2020 3:16pm |
| 972-452-1147 | 972-235-8480 | 2/26/2020 3:39pm |
| 972-452-6880 | 972-235-8480 | 6/30/2020 2:29pm |

32. The Defendants were "spoofing" the phone number shown as the calling number.

33. All of the above calls were placed through an automatic telephone dialing system. On many calls no one was on the line which indicates the automatic dialer is dialing at such a pace the call center agents cannot keep up with the calls. On other calls there was dead air/silence and then an individual came on the line.

34. The calls were placed without the Plaintiff's prior express written consent and were willful violations of the respective laws. Defendants have been sued before for TCPA violations and Defendants were spoofing the calling number.

35. Plaintiff is not a customer of Defendants and has not provided Defendants with his written consent to be called on his residential number.

36. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls

37. All of the calls were made by Defendants or Defendants' authorized agents and partners in Defendants' solicitation scheme. Thus, all of the calls were made on behalf of Defendants.

**Class Action Allegations**

38. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

39. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendants, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call on their residential or cellular line within any twelve-month period from, or on behalf of, Defendants.

40. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as all persons in the state of Texas from four years prior to the filing of this action through the present who (1) Defendants (or an agent acting on behalf of Defendants) called where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (2) for the purpose of selling Defendant's products and services; and (3) for whom Defendant claims it (a) obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) did not obtain prior express written consent.

41. The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as: All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular

telephone, (3) using the same equipment Defendant used to call Plaintiff, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to place autodialed calls to the Plaintiff, or (b) they did not obtain prior express written consent.

42. The classes as defined above are identifiable through phone records and phone number databases.

43. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of autodialed robo-calls that he received, that the classes are so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

44. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

45. Plaintiff is a member of the classes.

46. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

      a.      Whether Defendants violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

      b.      Whether Defendants or their agents, within the four years before the filing of the initial Complaint, made more than one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days.

      c.      Whether Defendants placed calls to residential telephone numbers using an artificial or prerecorded voice without obtaining the recipients' prior express written consent for the call;

      d.      Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions.

47. Plaintiff's claims are typical of the claims of class members.

48. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. The actions of Defendants are generally applicable to the class as a whole and to Plaintiff.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method

for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

51. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

52. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Causes of Action

### Count One:
### Violation of the TCPA's Do Not Call provisions

53. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54. The Defendants violated the TCPA by initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

55. The Defendants' violations were negligent or knowing/willful.

56. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

    a. That Defendants be restrained from engaging in future telemarketing in violation of the TCPA.

    b. That Defendants, and their agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

    c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

    d. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

    e. That the Plaintiff recover his attorneys' fees and costs.

    f. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## Count Two:
## Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")

62. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

63. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

64. Defendants are a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

65. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

66. As set forth above Defendants violated 47 U.S.C. § 227, or a regulation adopted under that provision.

67. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

68. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendants.

69. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendants that the Court finds was made knowingly or intentionally.

Page | 17

70. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

   a. That Defendants be restrained from engaging in future telemarketing in violation of the TBCC.

   b. That Defendants, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

   c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

   d. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

   e. That the Plaintiff recover his attorneys' fees and costs.

   f. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances

## Count Three
## Violation of the TCPA's ATDS provisions

71. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

72. The Defendants violated the TCPA by initiating telephone solicitations to cell phone numbers with the use of an ATDS.

73. The Defendants' violations were knowing/willful as Defendants were spoofing the calling phone numbers and had no prior business with Plaintiff. Defendants have also been sued in the Court before for the same type conduct.

74. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

    a. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

    b. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

    c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

    d.    That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

    e.    That the Plaintiff recover his attorneys' fees and costs.

    f.    That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By:    */s/ Chris R. Miltenberger*
        Chris R. Miltenberger
        Texas State Bar Number 14171200
        Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff